UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Joshua L. Hernandez
18542 Split Rock Lane
Germantown, MD 20874,

Bingling Wang
18542 Split Rock Lane
Germantown, MD 20874,

Plaintiffs,

vs.

Michael Chertoff, Secretary
U.S. Department of Homeland Security
Office of the General Counsel
Washington, DC 20528,

U.S. Department of Homeland Security
Office of the General Counsel
Washington, DC 20528,

Emilio T. Gonzalez, Director
U.S. Citizenship and Immigration Services
U.S. Department of Homeland Security
425 Eye St. NW
Washington, DC 20536,

U.S. Citizenship and Immigration Services
425 Eye St. NW
Washington, DC 20536,

Paul Novak, Director
Vermont Service Center
U.S. Citizenship and Immigration Services
75 Lower Welden Street
St. Albans, VT 05479-0001,

Richard Caterisano
District Director
Baltimore District Office
Fallon Federal Building
31 Hopkins Plaza

WRIT FOR MANDAMUS,
DECLARATORY AND INJUNCTIVE
RELIEF

Civil Action: 06-
Judge:
Filed:

Baltimore, MD-21201,

Robert Mueller, Director
Federal Bureau of Investigation
Office of the General Counsel
Room 7427
935 Pennsylvania Avenue, NW
Washington, DC 20535,

Alberto Gonzales
U.S. Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001,

United States of America
U.S. Attorney
555 Fourth Street, NW
Washington, DC 20530
Defendants.

## COMPLAINT FOR MANDAMUS, DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs present instant Complaint before this honorable court requesting relief against Defendants for their actions and for their failure to act in accordance with law.

## I. INTRODUCTION

1. This is a complaint for relief pursuant to law including the U.S. Constitution, Mandamus Act (28 U.S.C. § 1361 (2006)), Declaratory Judgment Act (28 U.S.C. § 2201 (2006)), and the Administrative Procedure Act (5 U.S.C. § 551 et seq. (2006)). This action challenges the unreasonable delays in processing the Plaintiffs' Family-Based Form I-130, Immigrant Petition for Alien Relative (IP) and Form I-485, Adjustment of Status (AOS) application pending before the Vermont Service Center and the Baltimore District Office of the United States Citizenship and Immigration Services (USCIS). This action further challenges

the USCIS policy of requiring repeated applications for issuance of Employment Authorization and Advance Parole and for repeated fingerprints during the pendency of the AOS application.

2. Defendants' action and inaction have directly and proximately injured and continue to directly and proximately injure the Plaintiffs.

3. A more detailed, but in no way exhaustive, enumeration of the harm suffered by the Plaintiffs is submitted under the caption "INJURY TO PLAINTIFFS."

## II. JURISDICTION

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (2006) (federal question jurisdiction) because Plaintiffs' claim arises under the Constitution and the laws of the United States, including the Fifth Amendment to the U.S. Constitution, various provisions of Title 8 U.S.C. § 1101 et seq. (2006), (Immigration & Nationality Act, "INA") and applicable regulations, policies and procedures arising thereunder. This Court may grant relief in this action, *inter alia*, under 28 U.S.C. § 1361 (2006) (Mandamus Act); 28 U.S.C. § 1651 (2006) (All Writs Act); 28 U.S.C. § 2201 (2006) (Declaratory Judgment Act); and under 5 U.S.C. § 551 et seq. (2006) (Administrative Procedure Act).

5. There are no administrative remedies available to Plaintiffs to redress the grievances described herein. This action challenges only the Defendants' timeliness in adjudications, procedural policies and related practices, and not the granting or denial of the IP or AOS applications. Therefore, the jurisdictional limitations of 8 U.S.C. § 1252 (2006) are not applicable.

## III. VENUE

6. Pursuant to 28 U.S.C. § 1391(e) (2006), venue is proper in this judicial district because the Defendants operate within this district and maintain headquarters in Washington, D.C., and because a substantial part of the events or omissions giving rise to the claims herein occurred in Washington, D.C.

## IV. PARTIES

### Plaintiffs

7. Plaintiff, Mr. Hernandez is a citizen of United States of America. He is married to Plaintiff, Ms. Wang.

8. Plaintiff, Mr. Hernandez's IP is pending as of the date of this Complaint before the Vermont Service Center of the USCIS since November 17, 2003. The Plaintiff, Mr. Hernandez appears before this honorable court in his own behalf as an individual.

9. Plaintiff, Ms. Wang is a citizen of China. She is married to Plaintiff, Mr. Hernandez, a United States citizen.

10. Plaintiff, Ms. Wang's AOS application is pending as of the date of this Complaint before the Vermont Service Center of the USCIS since November 17, 2003. The Plaintiff, Ms. Wang appears before this honorable court in her own behalf as an individual.

### Defendants

11. Michael Chertoff is the Secretary of the Department of Homeland Security (DHS). Pursuant, *inter alia*, to 8 U.S.C. § 1103 (2006), Secretary Chertoff is charged with, among other matters, administering the USCIS and implementing

and enforcing the Immigration and Nationality Act. As such, he has ultimate decision-making authority over the matters alleged in this Complaint.

12. Alberto Gonzales is the Attorney General of the United States. Pursuant, *inter alia*, to 8 U.S.C § 1103 (2006), he is charged with controlling determination of issues of law pertaining to immigration and with representing the United States of America in various legal matters.

13. Emilio Gonzalez is the Director of USCIS of the DHS. In his capacity as the Director of USCIS, Mr. Gonzalez is responsible for the administration of immigration benefits and services including the processing of citizenship applications and family and employment-based petitions. As such, he has decision-making authority over the matters alleged in this Complaint.

14. Paul Novak is the Director of the Vermont Service Center of USCIS of the DHS. In his capacity as the Director of the Vermont Service Center, Mr. Novak is responsible for the administration of immigration benefits and services including the processing of citizenship applications and family and employment-based petitions. As such, he has decision-making authority over some of the matters alleged in this Complaint.

15. Richard Caterisano is the District Director of the Baltimore District Office of USCIS of the DHS. In his capacity as the District Director of the Baltimore District Office, Mr. Caterisano is responsible for the administration of immigration benefits and services including the processing of citizenship applications and family and employment-based petitions. As such, he has decision-making authority over some of the matters alleged in this Complaint.

16. Robert Mueller is the Director of the Federal Bureau of Investigation (FBI). In his capacity as the Director of the FBI, Mr. Mueller is responsible for the administration of services including the processing of security and name checks as requested by USCIS. As such, he has decision-making authority over some of the matters alleged in this Complaint.

## V. FACTS

17. Plaintiff Mr. Hernandez filed an IP in favor of Plaintiff, Ms. Wang with the Vermont Service Center on November 17, 2003, under the category compromising "immediate relatives"[1] (bearing Receipt Number: **EAC-04-036-50141**). The IP is currently pending before the Vermont Service Center and the Baltimore District Office of the USCIS. As of the date of filing the instant Complaint, the IP filed by Mr. Hernandez has been pending for over two and one half years.

18. On the basis of the IP filed with the Vermont Service Center of the USCIS in favor of the Plaintiff Ms. Wang, Ms. Wang validly filed an AOS application on November 17, 2003 (bearing Receipt Number: **EAC-04-036-50127**), which is currently pending before the Vermont Service Center and the Baltimore District Office of the USCIS. As of the date of filing the instant Complaint, Plaintiff, Ms. Wang's AOS application has been pending for over two and one half years.

19. Plaintiff, Ms. Wang is eligible to receive an immigrant visa and is admissible to the United States for permanent residence.

---

[1] 8 U.S.C. 1151(b)(2)(A)(i) (2006), 8 C.F.R. § 204.1 (2006)

20. An immigrant visa was immediately available to the Plaintiff, Ms. Wang at the time her AOS application was filed (i.e., on November 17, 2003).

21. On December 2, 2003, the Vermont Service Center of the USCIS transferred both the IP and the AOS applications to the local Baltimore District Office for their adjudication.

22. On April 14, 2004 Plaintiff, Ms. Wang was interviewed in regards to her AOS application. As a result of this interview, Plaintiff, Ms. Wang was granted Conditional Permanent Residence Status as of April 14, 2004. One week later Plaintiff, Ms. Wang was asked to return to the Baltimore USCIS office where her Conditional Permanent Residence Status was revoked. The officer informed Plaintiff, Ms. Wang that there was a mistake in regards to the FBI background check and that the AOS application was still pending.

23. Under 8 U.S.C. § 1571 (2006), Congress clearly expressed the opinion that a reasonable time for IP and AOS adjudications is approximately six months.

24. Pursuant to 8 U.S.C. § 1571 (2006), Defendants have exceeded the bounds of reasonableness in the time for adjudications.

25. During the pendency of the AOS applications, it is the Defendants' policy to require repeat Employment Authorization Documents as well as fingerprinting.

26. Since November 17, 2003, Plaintiff, Ms. Wang applied for Employment Authorization three times. These Employment Authorization documents were and are valid from February 11, 2004 to February 10, 2005, February 11, 2005 to February 10, 2006, and February 11, 2006 to February 10, 2007.

27. Since November 17, 2003, Plaintiff, Ms. Wang requested advanced parole two times, which were issued by USCIS in January 2004 and January 2006.

28. In addition, since November 17, 2003, Plaintiff, Ms. Wang has been required to apply for fingerprinting on four occasions, once for her AOS application and three times in regards to her employment authorization documents.

29. Plaintiff, Ms. Wang has made numerous inquiries regarding the status of her case including one made on March 27, 2006 and June 16, 2006 to USCIS, but to no avail. Plaintiff, Ms. Wang also made inquires to the FBI including an inquiry made on November 15, 2004. Plaintiff, Ms. Wang also made an inquiry with the Member of Congress Chris Van Hollen in January 2006 and the Office of U.S. Senator Barbara A. Mikulski in June 2006.

## VI. RELEVANT LAW AND PROCEDURES

**Immediate Relatives**

30. Under the INA, immediate relatives are not subject to direct numerical limitations. 8 U.S.C. § 1151(b)(2)(A)(i) (2006).

31. The term "immediate relatives" means the children, spouses, and parents of a citizen of the United States, except that, in the case of parents, such citizens shall be at least 21 years of age. Id.

**Timeliness Requirements and Consequences**

32. Section 202 of the Immigration Services and Infrastructure Improvements Act of 2000, 8 U.S.C. § 1571 (2006), clearly lays down the parameters of reasonableness in immigration adjudications, stating: "It is the sense of Congress that the processing of an immigration benefit application should be completed *not later*

*than 180 days* after the initial filing of the application . . . ." 8 U.S.C. § 1571 (2006) (emphasis added).

33. Section 204 of the Immigration Services and Infrastructure Improvements Act of 2000, 8 U.S.C § 1573 (2006), mandates that the "Attorney General shall take such measures as may be necessary to . . . reduce the backlog in the processing of immigration benefit applications, with the objective of the total elimination of the backlog 1 year after November 25, 2002" (as amended). The Section also mandates that future backlogs must be prevented and infrastructure improvements must be made for effective provision of immigration services.

34. The Immigration Services and Infrastructure Improvements Act of 2000 was enacted on October 17, 2000, more than five years ago. Despite the expressed objective in 8 U.S.C. § 1573 (2006), Defendants have even failed to promulgate regulations that would at least permit orderly administration of laws and procedures.

35. Defendants are required by 5 U.S.C. § 555(b) (2006) to "conclude a matter" within "a reasonable time."

36. Lawful Permanent Residents (LPR) (also referred to as green card holders) enjoy many advantages over nonimmigrant status. As the name implies, LPR's have the privilege of residing and working permanently in the United States. 8 U.S.C. § 1101(a)(20) (2006). They may travel outside the United States freely and generally are readmitted to the United States automatically. 8 U.S.C. § 1101(a)(13)(C) (2006). They may petition to immigrate close family members. 8 U.S.C. §§ 1151, 1153 (2006); 8 C.F.R. § 204 (2006).

37. LPR's may retain their LPR status for the rest of their lives or, after five years of LPR status, they may apply to naturalize, that is, to become a United States citizen. 8 U.S.C. § 1427(a) (2006). Citizenship conveys many benefits over LPR status. Citizens may vote. They may apply for and receive a United States passport. They cannot be deported from the United States. They may travel freely into and out of the United States. They may petition for immigration of family members as "immediate relatives," thus eliminating many long waiting periods. 8 U.S.C. § 1151(b)(2)(A)(i) (2006). They may hold many jobs that are restricted to United States citizens. They may run for public office.

38. LPR status is a prerequisite for naturalization. Thus, any delay in adjusting to LPR status also delays eventual naturalization.

**Employment Authorization**

39. It is unlawful for an employer to hire an alien who is not authorized to work in the United States. 8 U.S.C. § 1324a (2006). AOS applicants are authorized to work in the United States upon approval of their Employment Authorization Document ("EAD"). 8 C.F.R. § 274a.12(c)(9) (2006).

40. Defendants limit the duration of AOS applicants' EAD to one year.

**Repeated Fingerprints**

41. Defendants require AOS applicants to be fingerprinted before their adjustment applications are granted. AOS applicants who are 14 years old or older must pay a fingerprint-processing fee and must appear at a USCIS Application Support Center (ASC) to be fingerprinted.

42. After 15 months, the Defendants consider the fingerprints to have expired. The Defendants have obligated the Plaintiff, Ms. Wang to be fingerprinted again

during the pendency of her AOS Application at additional expense and inconvenience, even though, of course, her fingerprints have not changed.

## VII. INJURY TO PLAINTIFFS

43. Because Plaintiff, Ms. Wang has waited and will continue to wait significantly longer to become an LPR, she is unable to stabilize her life. Her status in the United States of America has been and will continue to be uncertain. Plaintiff, Ms. Wang has been and will continue to be afraid to accumulate assets in the United States because she fears that she may ultimately lose permanent residence status and be required to depart. She is unable to plan her future appropriately because she does not know when she will become a permanent resident.

44. Plaintiff, Ms. Wang has suffered and will continue to suffer considerable setbacks in her career because of delayed adjudication. Plaintiff, Ms. Wang is subject to a limited job selection during the pendency of her AOS application.

45. Plaintiff, Ms. Wang has lost and will continue to lose significant work time while pursuing her adjustment application, making inquiries at USCIS offices, meeting with lawyers, applying for employment authorization and travel documents each year and otherwise pursuing her delayed permanent residency.

46. Because of Defendants' policies and practices as described herein, Plaintiff, Ms. Wang has had to wait and will continue to have to wait many years to adjust her status. Plaintiff, Ms. Wang has had to and will continue to have to submit to repeated fingerprinting at considerable cost and inconvenience. Since November

17, 2003 Plaintiff, Ms. Wang has gone for fingerprinting on several occasions. On all these occasions, Plaintiff, Ms. Wang had to take considerable time off from her work.

47. Because Defendants have unreasonably delayed Plaintiff, Ms. Wang's AOS Application, Plaintiff, Ms. Wang's naturalization has also been delayed. Career setbacks are but one of a long list of harms suffered by Plaintiff, Ms. Wang. To list just a few, Plaintiff, Ms. Wang has been and will continue to be unable to become eligible to vote and to participate fully in our democracy. Plaintiff, Ms. Wang wishes to sponsor her parents, who are old and presently live in China. Plaintiff has been and will continue to be unable to petition for her parents to immigrate to the United States as immediate relatives.

48. Because Defendants have implemented arbitrary and illegal procedures, Plaintiff, Ms. Wang has had to and will continue to have to obtain EAD's and to pay for repeated renewals of those EAD's, resulting in significant out-of-pocket expenses and inconvenience. Since November 17, 2003, Plaintiff, Ms. Wang has applied for employment authorization three times. These employment authorization documents have and will be valid from February 11, 2004 to February 10, 2005, February 11, 2005 to February 10, 2006, and February 11, 2006 to February 10, 2007.

49. Because Defendants have implemented arbitrary and illegal procedures, Plaintiff, Ms. Wang has had to and will continue to have to submit to repeated fingerprinting, resulting in significant out-of-pocket expenses and inconvenience.

If the Plaintiff, Ms. Wang fails to appear for fingerprinting, there is a substantial risk that USCIS will consider her AOS application to have been abandoned.

50. Plaintiffs have reason to believe that some part of the delay may be attributable to investigations pending before the Federal Bureau of Investigation.

51. Plaintiffs' right to due process of law under the Fifth Amendment to the U.S. Constitution have been, is being and will continue to be violated by Defendants' policies and practices as described herein.

**VIII. GROUNDS FOR RELIEF**

52. Defendants, despite having a duty to act within a reasonable time, have failed to process and adjudicate Plaintiffs' applications within a reasonable time.

53. Defendant USCIS has a legal duty to process and adjudicate Plaintiffs' applications within a reasonable time. This duty is a non-discretionary duty mandated by federal law and judicial precedent.

54. In failing to process Plaintiffs' applications and adjudicate their case within a reasonable time, USCIS has directly and proximately caused unnecessary and injurious delays to Plaintiffs in violation of their rights.

55. Plaintiffs have exhausted all administrative remedies available and have determined that no adequate remedy exists.

56. Defendants' policies and procedures requiring repeated EAD applications and fingerprints are arbitrary and illegal.

**Count I.**
**Mandamus Action**
**28 U.S.C. § 1361**

57. Plaintiffs incorporate by reference all submissions made hereinabove that are pertinent to this Count.

58. Defendants are charged with the mandatory responsibility of administering and implementing the Immigration and Nationality Act.

59. Defendants bear sole responsibility for adjudication of IP and AOS Applications within a reasonable time and for orderly attendant procedures.

60. Defendants have failed to discharge their mandated duties.

61. As a result, Plaintiffs have suffered and continue to suffer irreparable harm and damages entitling her to declaratory, injunctive and other relief.

62. Plaintiffs have exhausted all possible administrative remedies.

63. There exists no other adequate remedy.

64. Strong humanitarian factors favor the grant of Mandamus relief.


**Count II.**
**Fifth Amendment**

65. Plaintiffs incorporate by reference all submissions made hereinabove that are pertinent to this Count.

66. Defendants' policies, practices and customs violate Plaintiffs' Fifth Amendment substantive and procedural due process rights protected by the U.S. Constitution.

67. As a result, Plaintiffs have suffered and continue to suffer irreparable harm and damages entitling them to declaratory, injunctive and other relief.

**Count III.**
**Violation of INA**
**8 U.S.C. § 1101 et seq.**

68. Plaintiffs incorporate by reference all submissions made hereinabove that are pertinent to this Count.

69. Defendants' policies, practices and customs violate the INA as well as the Immigration Services and Infrastructure Improvements Act of 2000 §§ 202, 204, 8 U.S.C §§ 1571, 1573 (2006).

70. Defendants have failed to discharge their mandated duties.

71. As a result, Plaintiffs have suffered and continues to suffer irreparable harm and damages entitling her to declaratory, injunctive and other relief.

**Count IV.**
**Administrative Procedures Act**
**5 U.S.C. § 555 and 5 U.S.C. § 701 et seq.**

72. Plaintiffs incorporate by reference all submissions made hereinabove that are pertinent to this Count.

73. By failing to render a timely decision and by requiring repeated applications, Defendants' practices and procedures violate the Administrative Procedure Act and constitute agency action that is arbitrary, capricious, and not in accordance with law. *See* 5 U.S.C. §§ 555, 701 et seq. (2006); *See also* 5 U.S.C. § 706(1) (2006) ("[A]gency action unlawfully withheld or unreasonably delayed").

74. Defendants have failed to discharge their mandated official duties.

75. As a result, Plaintiffs have suffered and continue to suffer irreparable harm and damages entitling her to declaratory, injunctive and other relief.

**Count V.**
**Declaratory Judgment Act**
**28 U.S.C. § 2201**

76. Plaintiffs incorporate by reference all submissions made hereinabove that are pertinent to this Count.

77. Defendants' actions and decisions relating to delays in AOS adjudications and attendant procedures are unconstitutional, violate the INA and are arbitrary and capricious. Plaintiffs seek a declaration to that effect under 28 U.S.C. § 2201 (2006).

78. Defendants have failed to discharge their mandated duties.

79. As a direct and proximate result, Plaintiffs have suffered and continues to suffer irreparable harm and damages entitling her to declaratory, injunctive and other relief.


**Count VI.**
**Equal Access to Justice Act**
**5 U.S.C. § 504 and 28 U.S.C. §2412**

80. Plaintiffs incorporate by reference all submissions made hereinabove that are pertinent to this Count.

81. If they prevail, Plaintiffs will seek attorney fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 5 U.S.C. § 504 (2006) and 28 U.S.C. §2412 (2006).

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that the honorable Court grant the following relief:

i. Assume jurisdiction over this cause;

ii. Declare that the Defendants' actions are an illegal, arbitrary and capricious abuse of discretion;

iii. Declare that Defendants' failure to act is an illegal, arbitrary and capricious abuse of discretion;

iv. Enter Judgment directing the Defendants to adjudicate Plaintiff Mr. Hernandez's pending Immigrant Petition (Form I-130);

v. Enter Judgment directing the Defendants to adjudicate Plaintiff Ms. Wang's pending Family-Based Adjustment of Status Application (Form I-485);

vi. Award Plaintiffs attorney fees, costs and expenses under the Equal Access to Justice Act; and

vii. Grant such other and further relief, as this honorable Court deems just and appropriate.

Dated: 7 August 2006

Respectfully submitted,

_____
RAJIV S. KHANNA
Attorney for Plaintiffs
D.C. Bar No. 419023

Law Offices of Rajiv S. Khanna, P.C.
5225 N. Wilson Boulevard
Arlington, Virginia 22205
Phone: 703-908-4800, Extension 110
Facsimile: 703-908-4890
E-mail: rskhanna@immigration.com